UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REUBEN RANKE,

        Plaintiff,                      CIVIL ACTION NO. 11-15712

       v.                              DISTRICT JUDGE NANCY G. EDMUNDS

SAGINAW, COUNTY OF,            MAGISTRATE JUDGE MARK A. RANDON

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS
OR FOR SUMMARY JUDGMENT (DKT. NO. 318)**

**I.   INTRODUCTION**

This is a civil contempt case. On January 11, 1978, District Judge James Harvey entered an Order permanently enjoining Saginaw County from violating prisoners' rights, and requiring Saginaw County – under penalty of contempt – to abide by specified practices and procedures. *See O'Bryan v. County of Saginaw, Michigan*, 446 F.Supp. 436 (E.D. Mich. 1978).[1] Plaintiff was an inmate at the Saginaw County Jail from April 30, 2008 until December 9, 2009 (Dkt. No. 292 at p.4). On March 31, 2011, Plaintiff filed a motion for an order to show cause why Saginaw County should not be held in contempt for violating the injunction (Dkt. No. 292).

Before the Court is Saginaw County's motion to dismiss or, in the alternative, motion for summary judgment (Dkt. No. 318). After Plaintiff failed to respond to Saginaw County's motion by the deadline, this Magistrate Judge recommended that the motion be granted (Dkt. No. 325).

---

[1] Although the injunction was entered in 1978, it applies to "all persons who have been, are, or will be confined in the Saginaw County Jail[.]" *See O'Bryan*, 446 F.Supp. at 437.

Subsequently, Plaintiff filed a response to Saginaw Country's motion and objected to the recommendation (Dkt. Nos. 326, 327). After Saginaw County responded (Dkt. No. 328), Judge Nancy G. Edmunds sustained Plaintiff's objection, rejected the recommendation, and referred the case back to this Magistrate Judge for consideration of Plaintiff's response to the motion for summary judgment (Dkt. No. 329).

Because the Prison Litigation Reform Act ("PLRA") does not apply to this contempt action, **IT IS RECOMMENDED** that Saginaw County's motion be **DENIED**.

## II.     STANDARDS OF REVIEW

### A.     *Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id.* at 678.  A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *See e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993).

    **B.**    *Summary Judgment*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff").

### III. ANALYSIS

#### A. Failure to Exhaust Administrative Remedies

Saginaw County argues that the PLRA mandates dismissal of Plaintiff's Complaint, because he did not follow the Jail's grievance procedure. This Magistrate Judge disagrees.

The PLRA prohibits prisoners from bringing "*action[s] . . . with respect to prison conditions under section 1983 of this title, or any other Federal law* . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a) (emphasis added). But, this is not

an action challenging prison conditions under federal law – Plaintiff instead requests that "this court . . . issue an order requiring . . . Saginaw County . . . to show why [it] should not be held in contempt and sanctioned for non-compliance of the permanent injunction entered against [it] on January 11, 1978" (Dkt. No. 292 at p.1); *see also* Dkt. No. 326 at p.1:

> This Petitioner has alleged that [Saginaw County has] violated [the January 11, 1978] Order and Injunction and has moved for an Order to Show Cause to require [Saginaw County] to show cause why [it] should not be held in contempt and be sanctioned for not complying with the Order and Injunction still in effect.[2]

"[T]he PLRA on its face and in its meaning does not apply to contempt requests." *Hadix v. Caruso*, 465 F.Supp.2d 776, 797 (W.D. Mich. 2006) (citing *Jones-El v. Berge*, 374 F.3d 541, 545 (7th Cir. 2004); *Essex Co. Jail Annex Inmates v. Treffinger*, 18 F.Supp.2d 445, 462 (D.N.J. 1998)). The fact that the Final Judgment and Permanent Injunction in *O'Bryan* required officials to maintain certain "prison conditions" for all inmates, and Plaintiff challenges the County's compliance with these conditions does not change the analysis; exhaustion is not required.

Because Plaintiff's motion does not allege violations under §1983, the PLRA does not apply. Saginaw County's argument that Plaintiff failed to exhaust his administrative remedies fails.

---

[2] Saginaw County previously argued that the *O'Bryan* case underwent numerous appeals, the Court substantially modified or vacated the Order and Injunction, and the terms of the Order and Injunction are no longer in effect (Dkt. No. 304 at p.8). According to the docket sheet, the Order and Injunction was modified on January 16, 1981 (Dkt. No. 291 at p.11 CM/ECF), but Saginaw County did not provide any evidence to show how it was modified. It is therefore unclear whether the modifications impact Plaintiff's contempt request.

### B. Actual Injury

Saginaw County also argues that Plaintiff's case should be dismissed, because he failed to allege any actual injury, as required under the PLRA and §1983. As stated above, the PLRA does not apply, and this is not an action under §1983. Pursuant to 18 U.S.C. §401, courts have inherent power to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as[] [d]isobedience or resistance to its lawful . . . order[.]" Saginaw County's argument lacks merit.

### IV. CONCLUSION

Because the PLRA does not apply to this contempt action, **IT IS RECOMMENDED** that Saginaw County's motion be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon  
MARK A. RANDON  
UNITED STATES MAGISTRATE JUDGE

Dated:  June 26, 2013

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, June 26, 2013, by electronic and/or first class U.S. mail.*

*s/Eddrey Butts*  
*Case Manager to Magistrate Judge Mark A. Randon*